IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOHNTHAN HARRIGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 22-CV-04156-WJE |
| ) | |
| OSAGE BEACH POLICE ) | |
| DEPARTMENT, and ) | |
| BLAIR MULLETT, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Plaintiff Johnthan Harrigan's Motion to Join Additional Parties as Defendants ("Motion to Join"). (Doc. 21). Defendants Osage Beach Police Department and Officer Blair Mullet ("Defendants") filed suggestions in opposition (Doc. 22), to which Mr. Harrigan has timely replied (Doc. 23). The issues are now ripe for consideration. For the reasons that follow, the Motion to Join is denied without prejudice.

### I. Background

Mr. Harrigan is a commercial truck operator residing in New Jersey. (Doc. 1-2 at 4). He alleges that the New Jersey Motor Vehicle Commission notified him in 2018 that his driving privileges were suspended due to sanctions by the Missouri Department of Revenue. (*Id.*). He claims the Missouri Department of Revenue mistakenly sanctioned him after the Defendants arrested an individual with his same name. (*Id.* at 4–5). Unsuccessful in his attempts to rectify his driving record, Mr. Harrigan filed suit, *pro se*, in state court in 2022, alleging negligence, "reckless intention," "breach of duty," fraud, and defamation. (*Id.* at 2, 5–7). Shortly thereafter, he filed an amended complaint contending that Defendants also violated his constitutional rights pursuant to 42 U.S.C. § 1983. (*Id.* at 63–71). Defendants responded by removing this case to federal court. (Doc. 1). The pending Motion to Join seeks to add the City of Osage Beach, Todd Davis, Brian

Salerno, Heather Miller, James Caleb Cunningham, and Pete Leyva as defendants pursuant to Federal Rules of Civil Procedure 19 and 20.[1] (Doc. 21).

## II. Legal Standard

At this stage of the case, a party "may amend his complaint with leave of court, which should be freely given when justice requires." *Schaetzel v. Mercy Health Servs.-Iowa*, No. 17-CV-1007-LRR, 2017 WL 7693381, at *2 (N.D. Iowa Nov. 2, 2017) (citing Fed. R. Civ. P. 15(a)(2)). Local Rule 15.1 requires a party filing a motion to amend to "[a]ttach the proposed pleading or other document."

Federal Rule of Civil Procedure 19 governs required joinder of parties. The Court first considers whether the "joinder will . . . deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1); *see also Powers v. Allstate Ins. Co.*, No. 6:20-03040-CV-RK, 2020 WL 1434379, at *1 (W.D. Mo. Mar. 24, 2020). Then the Court considers if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Federal Rule of Civil Procedure 20 governs permissive joinder of parties, mandating that defendants may be joined if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

---

[1] The Motion to Join also references Blair Hendricks, "[f]ormerly known as Blair Mullet[,] [a] [d]etective with the Osage [Beach] Police Department." (Doc. 21 at 3). However, Detective Mullet is already a named defendant in the case.

### III. Analysis

Here, Mr. Harrigan seeks to join as defendants the City of Osage Beach, various members of the Osage Beach Police Department, including Police Chief Todd Davis, Officer Brian Salerno, and Officer Pete Leyva, as well as two prosecuting attorneys in Camden County, Heather Miller[2] and James Caleb Cunningham. (Doc. 21 at 1, 3–4). Since the Court would retain subject-matter jurisdiction if the proposed defendants were joined given this case involves federal question jurisdiction, the Court turns to whether it can accord complete relief among the existing parties. *See* Fed. R. Civ. P. 19(a)(1); (Doc. 1 at 1). The Court finds Mr. Harrigan's specific allegations against the proposed defendants to be unclear. While he states that the proposed defendants violated his Fourth and Fourteenth Amendment rights, he provides no details about how the proposed defendants violated his rights. (*See* Doc. 23 at 3–8). He suggests only that the individuals "may have information pertaining to this case," were "mentioned on the police reports," or "have participated directly or indirectly in the fraudulent activities related to the case." (Doc. 21 at 3–4; *see also* Doc. 23 at 3–8). Thus, it is unclear to the Court how the proposed defendants are necessary for Mr. Harrigan to receive complete relief in this case. (*See* Doc. 21 at 2–4). The discovery process will sufficiently allow Mr. Harrigan to explore his allegations. *See Boyd v. Lowe's Cos., Inc.*, No. 4:21-CV-00417-DGK, 2022 WL 1184488, at *2 (W.D. Mo. Apr. 21, 2022). Additionally, there is no indication that these proposed defendants have an interest in the case, so that proceeding without them would impede their ability to protect their interests or lead to duplicative proceedings. *See Schaetzel*, 2017 WL 7693381, at *1. Accordingly, the proposed defendants are not required parties under Rule 19.

---

[2] Hon. Heather Miller now serves as an associate circuit judge for the 26th Judicial Circuit of Missouri. (Doc. 22 at n.3).

Further, the Court lacks information to determine whether permissive joinder is proper under Rule 20. Without a proposed amended complaint attached to the Motion to Join, it is unclear what claims Mr. Harrigan is alleging against the proposed defendants, and he does not sufficiently allege that there are common questions of law or fact amongst them. *See* L.R. 15.1; Fed. R. Civ. P. 20(a)(2)(B). There is no explanation as to how a viable *Monell* claim would exist against the City of Osage Beach,[3] or how absolute prosecutorial immunity would be overcome as it pertains to Ms. Miller or Mr. Cunningham. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *see also Forste v. Hensley*, 405 F. App'x 94, 95 (8th Cir. 2010). "[W]ithout a copy of plaintiff's proposed amendment to his complaint, this court cannot determine whether justice so requires granting him leave to amend." *Detmer v. Gilmore*, No. 07-4177-CV-C-SOW, 2008 WL 2230698, at *3 (W. D. Mo. May 29, 2008). Thus, Mr. Harrigan's failure to comply with the Local Rules prevents the Court from assessing whether permissive joinder is appropriate.

### IV. Conclusion

The Motion to Join (Doc. 21) is DENIED without prejudice as set forth herein.

**IT IS SO ORDERED.**

Dated this 3rd day of May 2023, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge

---

[3] While Mr. Harrigan states in his reply suggestions that a viable *Monell* claim exists against the City of Osage Beach, his allegations are conclusory and unclear. (*See* Doc. 23 at 8). He states that the City of Osage Beach failed to train and supervise a city administrator, Jeana Woods, who is not a proposed defendant. (*Id.*). Thus, he fails to illustrate how a viable *Monell* claim would exist against the City of Osage Beach.